UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| JEFFREY BENTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:20-cv-131-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| HECTOR JOYNER, e*t. al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendants. | ) | **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Jeffrey Benton is an inmate confined at the federal penitentiary in Inez, Kentucky. Benton has filed a *pro se* complaint asserting civil rights claims against federal officials pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1.] This matter is before the Court to conduct the preliminary screening required by 28 U.S.C. §§ 1915(e)(2), 1915A. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

When testing the sufficiency of the plaintiff's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

In his complaint, Benton states that the prison has been under a "modified lockdown status" on numerous occasions for more than a year. During such periods, inmates have only

limited access to recreation, telephones, showers, educational programming, and the law library. As a result of these lockdowns, Benton states that he has "been losing family support and going thru emotional situations." Benton names as defendants Warden Joyner, Assistant Warden E. A. Earwin, Captain D. Altizer, and Captain M. Duff. He seeks monetary damages and transfer to a different prison. [R. 1 at 1-3, 8.]

The Court has thoroughly reviewed the complaint and the materials Benton has filed in support of it, but concludes that it must be dismissed for failure to state upon which relief may be granted. First, while Benton has named Assistant Warden Earwin and Captains Altizer and Duff as defendants, he makes no allegations against them. The absence of necessary and sufficient allegations against each defendant fails to satisfy federal notice pleading requirements. The claims against these defendants must be dismissed. *See Sampson v. Garrett*, 917 F. 3d 880, 882 (6th Cir. 2019) ("[e]ven a pro se prisoner must link his allegations to material facts … and indicate what each defendant did to violate his rights …").

Benton implies, without expressly alleging, that Warden Joyner implemented the prison policies about which he complains. The Court assumes without deciding that this is sufficient as a matter of pleading. It takes the same approach to the question of whether the right of action implied by *Bivens* reaches the conduct at issue here. *See Callahan v. Fed. Bureau of Prisons*, 965 F.3d 520, 523 (6th Cir. 2020) ("What started out as a presumption in favor of implied rights of action [under *Bivens*] has become a firm presumption against them.").

Regardless, Benton's allegations regarding the prison conditions to which he was subjected do not state a claim for violation of his constitutional rights. The Eighth Amendment prohibits "cruel and unusual punishments," which applies to the conditions of a prisoner's confinement. *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). Because "the Constitution

2

does not mandate comfortable prisons," prison conditions that are "restrictive and even harsh" do not violate the Eighth Amendment so long as they constitute no more than "part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347.

To state a viable Eighth Amendment claim, a plaintiff must plausibly assert that prison officials acted with deliberate indifference to a substantial risk of serious harm. *Curry v. Scott*, 249 F. 3d 493, 506 (6th Cir. 2001). To do so, the inmate must allege that the prison official had actual knowledge that a condition at the prison exposed the inmate to an excessive risk to his health or safety, but recklessly disregarded the risk. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994); *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010). He must also allege that as a result of the official's action or inaction he suffered a sufficiently serious deprivation. *Mattox v. Edelman*, 851 F.3d 583, 597 (6th Cir. 2017).

Here, while Benton implies that the warden was responsible for the modified lockdowns to which he objects, he makes no allegation that Joyner was subjectively aware that they were likely to result in serious harm to Benton or other inmates, let alone intentionally disregarded that risk. To the contrary, the BOP memoranda he attached to the complaint, [R. 1-4; R. 1-6], suggest that the lockdowns were ordered in an effort to quell a prison riot and to reduce the risk of transmission of the coronavirus. Without a necessary allegation sufficient to establish the required subjective component by any of the defendants, Benton fails to plead a plausible claim under the Eighth Amendment.

Further, Benton's individual grievances do not indicate violation of the Eighth Amendment. With respect to recreation, the complete denial of any recreational exercise may violate the Constitution. *Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985). But Benton complains only that the hour of recreation to which he had become accustomed in 2019 was not

always provided in 2020 as the BOP adapted to the threats posed by COVID-19 during the tumultuous first year of the pandemic. The Sixth Circuit has refused to define any constitutionally-mandated minimum of recreation, and noted that "differences in circumstances" may warrant variations in the amount of yard or recreational time permitted. *Id*. at 927-28. The inconveniences described by Benton's allegations fail to indicate a sufficiently-serious deprivation to implicate the Eighth Amendment. *Cf. Brown v. Kelly*, No. 4:12 CV 1356, 2012 WL 5877424, at *3 (N.D. Ohio Nov. 20, 2012) (inmate's allegation that he was "denied recreation or has his recreation time cut short when violence erupts" not sufficient to state Eighth Amendment claim); *Hancock v. Rowland*, No. 1:15-CV-00055, 2015 WL 4459171, at *4 (M.D. Tenn. July 20, 2015) ("The occasional loss of recreation time to accommodate visitation" does not amount to an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.") (*quoting Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

The other matters described by Benton, such as infrequent showers and limited access to telephones and educational programming, do not amount to a violation of his constitutional rights. *Cf. Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003); *Govereh v. Pugh*, No. 4:12 CV 697, 2012 WL 3683541, at *4 (N.D. Ohio Aug. 22, 2012) (allegation by prisoner that he was allowed only one 5-minute shower every six days stated no claim under Eighth Amendment); *Rhodes*, 452 U.S. at 348 ("limited work hours and delay before receiving education do not inflict pain, much less unnecessary and wanton pain; deprivations of this kind simply are not punishments. We would have to wrench the Eighth Amendment from its language and history to hold that delay of these desirable aids to rehabilitation violates the Constitution."); *Fifer v. Mich. Dep't of Corr.*, No, 96–2322, 1997 WL 681518, at *2 (6th Cir. Oct.30, 1997) (same).

4

The inmate grievances filed by Benton in early 2020 suggest that his primary concern was that he have adequate access to the law library, be able to review discovery materials related to his underlying criminal conviction, and be able to make phone calls his attorney. *See* [R. 1-7] In October 2017, Benton was sentenced in New Haven, Connecticut to 40 years imprisonment for various offenses involving drug trafficking, money laundering, and racketeering. The Second Circuit affirmed in March 2019. In anticipation of filing a *pro se* motion for relief pursuant to 28 U.S.C. § 2255, in late 2019 and early 2020 Benton sent letters to the trial court requesting that certain documents be unsealed and noting the difficulties he faced reviewing documents because of the lockdown at the prison.

After several court-ordered responses from the government and the prison, in April 2020 the trial court appointed counsel to assist Benton in filing his § 2255 motion. The trial court also ordered that while counsel was required to file a timely § 2255 motion, he would be permitted to amend his petition, presumably to flesh out its claims if necessary. Prison officials also indicated that Benton had been able review case materials for approximately 25 hours during the month of April 2020 alone. *United States v. Benton*, No. 3: 15-CR-174-JCH-1 (D. Conn. 2015). Benton's appointed counsel filed his § 2255 motion, including a 19-page memorandum in support and over 200 pages of pertinent records, in October 2020. The government has responded, and the motion remains pending as of this writing. *Benton v. United States*, 3: 20-CV-1515-JCH (D. Conn. 2020).[1]

---

[1] A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). The Court may consider such information when determining whether a claim must be dismissed for failure to state a claim under Rule 12(b)(6) without converting the motion into one for summary judgment under Rule 56. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999).

Benton's allegations suggest a claim that he was denied access to the courts as protected by the First Amendment. But to state a viable right-of-access claim, the plaintiff must adequately and specifically plead intentional conduct that caused actual prejudice or injury to an otherwise meritorious claim. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Lewis v. Casey*, 518 U.S. 343, 350 (1996). Benton's complaint does not contain any of the necessary allegations. In addition, in April 2020 counsel was appointed to represent Benton in his § 2255 motion. That appointment alone satisfied Benton's right of access to the courts: where a defendant is represented by counsel in his criminal case, his constitutional right of access to the courts in that proceeding is satisfied as a matter of law. *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983); see also *Cooper v. Shelby County Justice Center*, No. 99-6365, 2000 WL 924604, at *2 (6th Cir. June 26, 2000) ("Since counsel was appointed to represent Cooper in the pending criminal proceedings, his access to the court has been protected.").

In light of the foregoing, the Court will dismiss Benton's complaint for failure to state a claim upon which relief may be granted. Accordingly, it is **ORDERED** as follows:

1. Benton's complaint [R. 1] is **DISMISSED** with prejudice;
2. The Court will enter a judgment contemporaneously with this order;
3. This matter is **STRICKEN** from the docket.

This the 5th day of May, 2022.

Gregory F. Van Tatenhove
United States District Judge